United States Court of Appeals
 for the district of columbia circuit

No. 00-5195 September Term, 2001
 99cv00042

 Filed On: December 28, 2001 [647940]
 
American Bankers Association,
 Appellant
 
v.

National Credit Union Administration, et al.,
 Appellees
 

 BEFORE: Randolph, Rogers and Tatel, Circuit Judges.

 ORDER

 It is ORDERED, by the Court on its own motion, that the following revisions shall be
made to the opinion decided November 9, 2001, in this case:

 At page 3 of the slip opinion, lines 10-11 from the top, replace the words "overruled the
Supreme Court, amending," with the word "amended."

 At pages 16-17 of the slip opinion, beginning at line 9 of the first full paragraph of
section VI, replace the sentence "In support of this proposition . . . than would ordinarily apply,
63 Fed. Reg. at 72,013, 72,037 38," with the following: 

 In support of this proposition, the ABA cites two provisions of the rule: the
 criteria for determining whether a community qualifies for a charter, see 63 Fed.
 Reg. at 72,038, and the new "presumptive community" standard applicable to a
 recognized political jurisdiction with no more than 300,000 residents, or multiple
 contiguous political jurisdictions with no more than 200,000 residents, see 63 Fed.
 Reg. at 72,013, 72,037 38. The ABA contends that the community credit union
 criteria are substantially unchanged. Compare 63 Fed. Reg. at 72,038 (new rule
 listing political jurisdictions, major trade areas, shared/common facilities,
 organizations/clubs, newspapers/other periodicals, maps designating community
 to be served, common characteristics and background of residents, and other
 documentation demonstrating common interests or interaction) with 59 Fed. Reg.
 at 29,077 (former rule listing political jurisdictions, major trade areas,
 shared/common facilities, organizations/clubs, newspapers/other periodicals,
 census tracts, common characteristics and background of residents, history of
 area, and other evidence of what distinguishes chosen area and its residents). The 
 the ABA also points out that an area benefitting from the "presumptive
 community" standard is subject to less demanding documentation requirements
 than ordinarily apply to an area seeking a credit union charter. See 63 Fed. Reg. at
 72,013, 72,037 38. 

 At page 17 of the slip opinion, line 12 from the top, replace "we have little difficulty
rejecting this argument" with "we have little difficulty rejecting these arguments." 

FOR THE COURT:
Mark J. Langer, Clerk

BY:
 Michael C. McGrail
Deputy Clerk